MAX TOWNE *v.* FRANCIS RIZZICO.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 4, 1943.

*Stafford, Abatiell & Stafford* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

BUTTLES, J. On Dec. 23, 1941, the plaintiff while in the employ of R. D. Barker was engaged in sanding the main highway leading south from the City of Rutland. The equipment used for this work consisted of a Ford truck to the rear of which there was attached a sander or sand spreading machine which was operated by a separate motor. Three men operated the rig. One drove the truck, another kept sand moving from the truck into the sander, and the third, this plaintiff, operated the sander. In order to do so he stood upon a platform, sixteen or eighteen inches from the ground, at the back of the sander, facing toward the front of the truck. When they went south sand was distributed over the westerly half of the road and returning north it was distributed over the easterly half. On the return trip to Rutland at about 5:30 P. M., after dark, the sanding machine was struck from the rear by an automobile driven by the defendant, and the plaintiff was injured. Trial of this action in tort for negligence resulted in a verdict and judgment for the plaintiff.

The defendant comes to this Court on exceptions, one of which was to the denial of its motion, seasonably made, for a directed verdict. The only ground alleged was failure to show negligence on the part of the defendant. We have many times said that in passing upon a defendant's motion for a directed verdict the evidence must be taken in the light most favorable to the plaintiff. *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145, and cases cited. The defendant seems to have lost sight of this rule since in his brief he has stated as facts certain essential matters which are supported only by evidence most favorable to himself and are denied by other evidence. From the evidence considered in accordance with the above rule it was open to the jury to find the following facts. At the time of the accident the truck and sander were moving slowly northward on the easterly side of the road. The tail light on the truck and a red lantern on the sander were both lighted and both were visible from the rear. The highway southerly from the place of accident is straight and level. Vision of the road in that direction is unobstructed for 1000 feet. At the time of the accident the plaintiff was standing on the platform at the rear of the sander with his back towards the approaching car and he did not see that car before being hit by it. The de-

fendant was driving at about 25 or 30 miles per hour. His headlights were on but he had dimmed them upon meeting another car shortly before the accident and thereafter kept them on dim. He testified that he could then see about 30 or 35 feet ahead and that he did not see the truck until he was within twenty or twenty-five feet of it. He further testified that under the conditions then existing he could have stopped his car within a distance of about seventy-five feet.

We take judicial notice that the time at which this accident happened was more than thirty minutes after sunset. The evidence above referred to clearly tended to indicate a violation of P. L. Secs. 5115 and 5119 requiring the defendant to have headlamps lighted at that time which would, while the vehicle was in motion, render any substantial object on the ground clearly visible at least 150 feet ahead of it. Furthermore it was his duty to drive at such speed that the car could be stopped within the distance that could be seen ahead of it. *Steele* v. *Fuller,* 104 Vt 303, 309, 158 A 666; *Palmer* v. *Marceille,* 106 Vt 500, 508, 175 A 31. There is a duty at all times imposed upon the operator of a motor vehicle to maintain a lookout for persons and property on the highway, and to use reasonable diligence to avoid inflicting injuries on such persons or property. *Steele* v. *Fuller, supra,* page 309 of 104 Vt, 158 A 666. It is apparent that the jury could properly have found the defendant negligent by reason of his failure to maintain the lookout that the law requires, to drive at such speed that the car could be stopped within the range of vision afforded by the headlights, or to have lights which complied with the statutory requirement.

The defendant has briefed two exceptions to the exclusion of evidence. The first of these is to the court's refusal to allow him to inquire of the plaintiff in cross examination whether he had received compensation for his injuries. The defendant's brief treats the question that was asked as referring to workmen's compensation under the statute, so it is sufficient to say that a similar question had already been answered without objection by the same witness on cross examination. Later in the trial it was conceded that the plaintiff had received such compensation and the receipt thereof became the basis of the defendant's motion to dismiss

which we hereinafter discuss. Obviously the error, if any, was harmless.

■ The other exception is directed to the exclusion of the question, asked of the plaintiff on cross examination, whether another truck or vehicle almost hit "your truck," there at the place of the accident just before this accident happened. The evidence was offered in connection with the question whether the plaintiff exercised due care for his own safety, and it is now contended that the answer to this question would have indicated that he had been warned by a previous narrow escape that he was in a place of danger and should then have taken precautions which he did not take for his own safety. If this evidence had any probative value it may well have been rejected by the court, in its discretion, as being of too slight significance. *Aldrich* v. *B. & M. Railroad,* 91 Vt 379, 384, 100 A 765. No improper curtailment of the right of cross examination appears.

The defendant excepted to the denial of his motion to dismiss the action made early in the course of the trial and twice thereafter renewed. The ground of the motion was in substance that this was an action brought by the plaintiff personally, from the bringing of which he was barred by P. L. 6509 and P. L. 6511, because he had elected to accept and had accepted compensation under the workmen's compensation law. That he had accepted such compensation was conceded.

P. L. 6509 reads as follows:

> "The rights and remedies granted by the provisions of this chapter to an employee on account of a 'personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury."

And P. L. 6511 reads thus:

> "When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay

damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages; and, if compensation is claimed and awarded under the provisions of this chapter, an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person; provided, if the employer recovers from such other person damages in excess of the compensation already paid or awarded to be paid under the provisions of this chapter, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

The plaintiff contends that the present action was maintainable under Section 6511 because, while brought in the name of this plaintiff, it was primarily for the benefit of the Ocean Accident and Guaranty Corp., Ltd., which was the compensation insurer of the plaintiff's employer, Barker. Under the circumstances here existing the term "employer" includes the insurer. P. L. 6485 I. *Belfore* v. *State Highway Department,* 108 Vt 396, 400, 187 A 797.

In *Davis* v. *Cent. Vt. Ry. Co.,* 95 Vt 180, 113 A 539, the facts bear a very close resemblance to those in the present case. The action was for personal injuries claimed to have been caused by the negligence of the defendant. Davis had been awarded benefits under the workmen's compensation law against his employer, Hartford Woolen Company, and had received such benefits. The right of the plaintiff to maintain the action was challenged under the sections of the statute which are now the ones heretofore quoted and he was permitted during the trial to amend his declaration by adding thereto averments that Davis and the Woolen Company were subject to the provisions of the workmen's compensation law, that the Woolen Company was insured with the Travelers Insurance Company, and that Davis had elected to take and had been paid compensation for his injuries. Under the amended declaration a verdict was rendered for the plaintiff and judgment thereon was affirmed in this Court, it being held that when the Woolen Company paid compensation to Davis, or became liable therefor, it

succeeded to his right to recover damages from the defendant, that under the statute his right of action passed to the Woolen Company without assignment, and suit was properly brought in the name of Davis.

The defendant attempts to differentiate the present case from the Davis case because there was here no formal amendment of the declaration and because, as he says, certain statements made by the plaintiff as a witness and by his counsel during the course of the trial indicate that the action was prosecuted for the benefit of Towne only.

It is true that the record discloses no formal amendment to the declaration, but the transcript indicates that such amendment was intended to be made. The first motion to dismiss was made during the cross examination of the first witness called. Following some discussion plaintiff's counsel made a statement for the record in which he said that the action was brought by the Ocean Accident Company in the name of Towne to recover for compensation benefits paid and that the balance of the recovery, if any, above that amount was to be paid to Towne. Thereafter the court made a similar statement to the jury and instructed them, in substance, that they were to render their verdict exactly as they would if the nominal plaintiff were the only one in interest. This statement was repeated in substance later and again in the court's final instructions to the jury.

On the morning of the second day of the trial the defendant's counsel asked for and was granted an exception to the amending of the complaint, "as it was amended yesterday" showing that the Ocean Indemnity Company had been subrogated or substituted in this action for the plaintiff Towne. During the argument of plaintiff's counsel to the jury the defendant's counsel interposed an objection on the ground that the "plaintiff is allowed to amend" and that it was a misstatement to say that Towne was the plaintiff.

The statement of the plaintiff upon which the defendant relies amounted merely to saying that he was the plaintiff and that he knew of no changes that had been made in the action since it was brought. The statements of plaintiff's counsel were evidently directed to the fact that Towne was the nominal plaintiff, and to the proposition that the case was for consideration by the jury just

as they would consider it if Towne alone were interested in the recovery. It is immaterial that no assignment of Towne's rights to the employer or to his insurer appears. *Davis* v. *Cent. Vt. Ry. Co., supra,* at page 183 of 95 Vt, 113 A 539.

It is quite apparent that the action was tried throughout on the theory that the necessary amendment had been made; that it was so understood by both parties and by the court; and that the failure of the record to show the allowance and making of a formal amendment was due to oversight. The rights of the nominal plaintiff and of the employer's insurer in the judgment ought, however, to appear of record otherwise than by inferences to be drawn from an examination of the transcript. It was held in *Chaffee* v. *Rutland R. R. Co.,* 71 Vt 384, 386, 45 A 750, that this court had the power under V. S. 1148 to permit an amendment after judgment below in order that the pleadings should conform to the proof and for the purpose of sustaining the judgment but not reversing it. The wording of the present statute, P. L. Secs. 1578 and 1579, differs somewhat from that of V. S. 1148 but not sufficiently, in our opinion, to deprive us of the power to permit such an amendment.

The plaintiff may amend his declaration by filing an amendment alleging that the plaintiff Towne and his employer, Barker, were subject to the provisions of the Workmen's Compensation Law; that Barker was insured with the Ocean Accident and Guaranty Corp. Ltd; that Towne had elected to take and had been paid compensation benefits, and that the action was brought primarily for the benefit of said insurer and secondarily for the benefit of Towne in accordance with the provisions of P. L. 6511. When such amendment has been made the judgment will be *Affirmed.*