MARGARET E. MATTHEWS, administratrix, *vs.* LIBERTY
MUTUAL INSURANCE COMPANY.

Suffolk.    March 8, 1968. — June 13, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Action against third person, Insurer.
*Words,* "Some person other than the insured."

An insurer under the workmen's compensation act, alleged to have under-
taken duties in connection with promoting safety of the employees
of the insured and to have negligently performed such undertaking
with the result that an employee was killed, was not "some person
other than the insured" within G. L. c. 152, § 15, and was not liable
at common law under § 15 for the death and conscious suffering of the
employee.

TORT "AND OR" CONTRACT.    Writ in the Superior Court
dated May 8, 1967.

A demurrer by the defendant Liberty Mutual Insurance
Company was heard by *Kalus,* J.

*John D. Corrigan, Jr.,* for the plaintiff.

*James D. Casey (Morris G. Nicholson* with him) for the
defendant.

WILKINS, C.J.    The writ describes this as "an action of
tort and or contract."    The plaintiff's appeal relates only
to counts 1 and 2 [1] of the declaration, which sound in tort,
and are against the defendant insurance company respec-
tively for the death and for the conscious suffering of James
Matthews, the plaintiff's husband.    Both counts allege that
on or about May 10, 1966, the defendant was under contract
with Boston Edison Company, the decedent's employer, to
pay workmen's compensation under G. L. c. 152; [2] that the
defendant assumed the duty to inspect the Edison premises
and to assist in promoting safety for its employees;  that the

---

[1] The remaining counts are against other defendants.

[2] See c. 152, § 1 (7).

defendant knew or should have known that this undertaking was for the protection of the employees, including the decedent; and that the defendant in negligently performing this undertaking violated its duty of care owed to the decedent, who, on or about May 10, 1966, as a result was electrocuted and killed. The defendant's demurrer for failure to state a cause of action was sustained, and leave to amend was denied. The plaintiff appealed.

As there was no allegation in the declaration that the plaintiff's intestate had given written notice to his employer of his claim of common law rights of action to recover damages for personal injuries arising out of and in the course of his employment, he must be taken (and it is not otherwise contended) to have given no such notice and to have waived such rights. G. L. c. 152, § 24 (as amended through St. 1955, c. 174, § 5). In other words, if the defendant insurer stands in the shoes of the employer, the plaintiff will be restricted to recovery under the Workmen's Compensation Act. G. L. c. 152, § 24. See *Bresnahan* v. *Barre*, 286 Mass. 593, 595–597; *Noble* v. *Greenbaum*, 311 Mass. 722, 726; *West's Case*, 313 Mass. 146, 153–154; *Murphy* v. *Miettinen*, 317 Mass. 633, 635. But if the defendant insurer is to be treated as a negligent third party, it may be held to liability at common law. See *Comeau* v. *Hebert*, 352 Mass. 634.

The case at bar, accordingly, presents the question whether the insurer is "some person other than the insured" under G. L. c. 152, § 15.[1] This is a subject as to which cases in other jurisdictions are not unanimous. The majority of courts which have considered this question have held that the insurer enjoys the same benefits and burdens as the employer, and have denied recovery in a common law action against the insurer. *Sarber* v. *Aetna Life Ins. Co.* 23 F. 2d 434 (9th Cir.) (California Workmen's Compensa-

---

[1] "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but . . . [with exceptions presently immaterial] not against both."

tion Act). *Williams* v. *United States Fid. & Guar. Co.* 358 F. 2d 799 (4th Cir.) (Virginia Workmen's Compensation Act). *Donohue* v. *Maryland Cas. Co.* 363 F. 2d 442 (4th Cir.) (Maryland Workmen's Compensation Act). *Schulz* v. *Standard Acc. Ins. Co.* 125 F. Supp. 411 (E. D. Wash.) (Idaho Workmen's Compensation Act). *Kotarski* v. *Aetna Cas. & Sur. Co.* 244 F. Supp. 547, 551–560 (E. D. Mich.) affd. 372 F. 2d 95 (6th Cir.) (Michigan Workmen's Compensation Act). *West* v. *Atlas Chem. Indus. Inc.* 264 F. Supp. 697, 701–702 (E. D. Mo.) (Missouri Workmen's Compensation Act). *Horne* v. *Security Mut. Cas. Co.* 265 F. Supp. 379, 387 (E. D. Ark.) (Arkansas Workmen's Compensation Act). *Mustapha* v. *Liberty Mut. Ins. Co.* 268 F. Supp. 890, 893–895 (D. R. I.) affd. 387 F. 2d 631, 632 (1st Cir.) (Rhode Island Workmen's Compensation Act). *Hill* v. *United States Fid. & Guar. Co.* 272 F. Supp. 569 (M. D. Fla.) (Florida Workmen's Compensation Act). *Bartolotta* v. *United States,* 276 F. Supp. 66, 70–74 (D. Conn.) (Connecticut Workmen's Compensation Act). *Flood* v. *Merchants Mut. Ins. Co.* 230 Md. 373, 376–379 (Maryland Workmen's Compensation Act). *Hughes* v. *Maryland Cas. Co.* 229 Mo. App. 472, 476 (Missouri Workmen's Compensation Act). A minority of courts, however, have held otherwise. *Mays* v. *Liberty Mut. Ins. Co.* 323 F. 2d 174, 176–178 (3d Cir.) (Pennsylvania Workmen's Compensation Act). *Nelson* v. *Union Wire Rope Corp.* 31 Ill. 2d 69, 98–108 (Florida Workmen's Compensation Act). *Fabricius* v. *Montgomery Elev. Co.* 254 Iowa, 1319, 1325–1328 (Iowa Workmen's Compensation Act). *Smith* v. *American Employers' Ins. Co.* 102 N. H. 530, 532–533 (New Hampshire Workmen's Compensation Act). *Mager* v. *United Hosps. of Newark,* 88 N. J. Super. 421, 426–429, affd. 46 N. J. 398 (New Jersey Workmen's Compensation Act). See also 93 A. L. R. 2d 598.

No case has squarely presented this question under our own statute. In *McDonald* v. *Employers' Liab. Assur. Corp. Ltd.* 288 Mass. 170, it was held that where a compensable injury had been aggravated by negligence charge-

able to the insurer, the election of the injured employee to proceed under the Workmen's Compensation Act precluded his maintaining an action at law against the insurer, which, if successful, would have led to double recovery. In the course of discussion, the court observed (p. 174), "On a natural interpretation of the words, the insurer is 'some person other than the insured' within the meaning of the statutory provision in § 15 . . . ." [1]

We do not extend the implications of this statement to conclude the present case, as we are of opinion that our Workmen's Compensation Act does not have as a purpose that the insurer be sued as a third party for performance of a function which furthers the goals of the entire compensation program. "Insurance companies which engage in accident prevention work, the social desirability of which cannot be questioned, should be able to do so without incurring unlimited liability for failing to discover a hazard that some jury might think ought to have been discovered. If an insurance company can escape tort liability altogether by not making any inspections on the premises of the insured, but may incur unlimited tort liability by making some inspections, it more than likely will decline to make any, unless required to do so by statute. The ultimate losers will be workmen and their families." *Kotarski* v. *Aetna Cas. & Sur. Co.* 244 F. Supp. 547, 558–559 (E. D. Mich.).

With the exception of *Mager* v. *United Hosps. of Newark* 88 N. J. Super. 421, the decisions reaching a contrary result either rest on a significantly different compensation statute [2]

---

[1] This quotation was cited with approval and followed in *Smith* v. *American Employers' Ins. Co.* 102 N. H. 530, 532–533. The New Hampshire Compensation Act has been modified to define "employer" to include the employer's compensation insurance carrier. N. H. Rev. Sts. Anno. § 281:2 (I) (1961).

[2] The Iowa act considered in *Fabricius* v. *Montgomery Elev. Co.* 254 Iowa, 1319, had no provision for third party liability at common law. The Florida act construed in *Nelson* v. *Union Wire Rope Corp.* 31 Ill. 2d 69, did not make the insurer primarily and directly liable to the injured employee. Our own Workmen's Compensation Act not only makes provision for common law actions against persons foreign to the compensation scheme (G. L. c. 152, § 15), but also makes the insurer primarily liable in the event of a compensable injury. G. L. c. 152, § 26.

or have been vitiated by subsequent legislation.[1] We believe that the object of workmen's compensation legislation will be best served by holding that, for the purposes of this action, the defendant is not "some person other than the insured" under G. L. c. 152, § 15. See *Williams* v. *United States Fid. & Guar. Co.* 358 F. 2d 799, 801 (4th Cir.); *Bartolotta* v. *United States*, 276 F. Supp. 66, 72–74 (D. Conn.); *Kotarski* v. *Aetna Cas. & Sur. Co.*, *supra*, 558–559.

The order sustaining the demurrer and denying leave to amend is affirmed. Judgment for the defendant.

*So ordered.*

---

[1] Compare *Smith* v. *American Employers' Ins. Co.* 102 N. H. 530, with N. H. Rev. Sts. Anno. §§ 281:2 (I), 281:14 (I) (1961). Compare *Mays* v. *Liberty Mut. Ins. Co.* 323 F. 2d 174 (3d Cir.), with Purdon's Pa. Sts. Anno. Title 77, § 501 (1967). Cf. generally G. L. c. 143, § 16A.