### In re Philip W. Maher, Jr.

[326 A.2d 142]

No. 88-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 1, 1974

*Oreste V. Valsangiacomo, Esq.,* of *Richard E. Davis Associates,* Barre, for Plaintiff.

*Kimberly B. Cheney,* Attorney General, *Louis P. Peck,* Assistant Attorney General, and *Phoebe Morse,* Assistant Attorney General, on the Brief, for the State.

**Keyser, J.** The appellant, a nonprobationary employee of the State Highway Department, brought this action under the grievance procedure governing employees of the State of Vermont pursuant to 3 V.S.A. § 901, *et seq.*

On April 19, 1971, the grievant was placed on a 30-day warning period on the basis of his performance evaluation report which indicated a marginal performance. At the end of that period, appellant's performance evaluation report showed an overall rating of unsatisfactory. As a consequence, the grievant's employment was terminated with two weeks salary paid to him in lieu of notice.

The grievant's complaint was that "the evaluation of his work performance, as contained in his Employee Evaluation Report dated April 12, 1971, is incorrect, inaccurate, arbitrary,

capricious, and unreasonable." The issue thus presented by the complaint was whether the appellant was wrongfully dismissed from State employment.

Subsequent to discharge from employment, the grievant was first afforded a hearing before the Commissioner of Highways and Personnel Board who decided adversely to the grievant. He then appealed to the State Employees Labor Relations Board for hearing and decision.

The appellant does not challenge the findings or order of the Board. Rather, he raises for the first time the single issue of whether the State violated his constitutional rights to due process by not affording him a hearing prior to the termination of his employment. This issue was not made or urged below so the Board had no opportunity to pass on this point. It is our rule that an issue not raised by the substance of the proceedings below cannot, in the first instance, be considered by this Court. *Dindo* v. *Denton,* 130 Vt. 98, 109, 287 A.2d 546 (1972).

▆ In spite of the exclusionary thrust of the rule regarding issues of first impression, the Court adheres to the view that questions of alleged constitutional import must be examined. Consequently, we must first decide whether this is one of those rare and extraordinary cases which is so grave and serious that it strikes at the very heart of the employee's constitutional rights. *Cf. State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142 (1969). Questions of fairness involving procedural rights afforded by administrative bodies must be examined. *Petition of Green Mountain Power Corp.,* 131 Vt. 284, 293, 305 A.2d 571 (1973). The issue presented approaches a due process problem of such constitutional dimensions and magnitude as to require an answer. It is only in this context that we will do so since the question is not otherwise properly before this Court.

This case is governed by the recent decision of the United States Supreme Court, *Arnett* v. *Kennedy,* 416 U.S. 134, 40 L.Ed.2d 15, 94 S.Ct. 1633 (1974). The factual situation in that case is substantially similar to that involved in the case at bar. There the employee did not respond to the charges made against him but instead brought suit for injunctive and declaratory relief. The record indicates that the procedures followed in the case at bar comply with those in the *Arnett* case. The Supreme Court held that an employee's procedural due

process rights under the Fifth Amendment were not violated by the failure of the Lloyd-LaFollette Act (5 U.S.C.A. § 7501) and implementing agency regulations to require a trial-type hearing prior to the employee's removal.

In the instant case, the grievant argues that the absence of a pre-termination hearing is violative of procedural due process rights. *Arnett* and its precursors, *Board of Regents* v. *Roth*, 408 U.S. 564 (1972); *Perry* v. *Sindermann*, 408 U.S. 593 (1972); *Goldberg* v. *Kelly*, 397 U.S. 254 (1970) have clearly established that nonprobationary employment in the public sector is a property right entitled to protection under the Fourteenth Amendment. The *Arnett* case reiterates the notion that the due process clause is imbued with flexibility. What is required under one set of interests may not be required when dealing with another set. *Arnett, supra*, 40 L.Ed.2d at 34.

The grievant, a governmental employee, alleges deprivation of due process stemming from the absence of a hearing prior to his discharge. In the context of government employment, as opposed to areas of prejudgment garnishment, V.R.C.P. 4.1, or suspension of welfare payments, *Wheeler* v. *State of Vermont*, 335 F.Supp. 856 (D.Vt. 1971), or drivers' licenses, *Aiken* v. *Malloy*, 132 Vt. 200, 315 A.2d 488 (1974), postponement of a hearing until after deprivation of a property right is constitutionally valid provided there has been notice and some eventual opportunity to be heard. The grievant has been provided with these basic procedural protections.

It is essential to due process that the right to a hearing be granted at a meaningful time and in a meaningful manner. *Vermont Real Estate Comm.* v. *Martin*, 132 Vt. 309, 318 A.2d 670 (1974). In weighing the competing interests presented by the governmental employer and the grievant, the Court has followed *Arnett*. Since there should be no expectancy of job retention in a system premised on dismissal for cause, the interest of governmental efficiency and administrative ease are prevailing; a post-termination hearing is not considered an unmeaningful forum. When pitting governmental interests in efficiency of job performance against the grievant's individual rights, the availability of alternative forms of sup-

port negates the appellant's prayer for the relief here requested. The procedural provisions contain built-in safeguards which adequately protected the grievant's property rights.

*The order of the Vermont State Employees Labor Relations Board dismissing the grievance appeal is affirmed.*