## Raymond Bauer v. James E. Malloy, Commissioner of the Department of Motor Vehicles

[376 A.2d 17]

No. 243-76

Present: Barney, C.J., Larrow and Billings, JJ., Shangraw, C.J. (Ret.), and Smith, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1977

*Patrick R. Berg, Elliot M. Burg,* and *John H. Hasen,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant.

**Billings, J.** This action seeks to declare unconstitutional the provisions of 23 V.S.A. § 110 which require the suspension of a motor vehicle license when a bad check, uttered for payment of fees, is not made good "forthwith" after notice of dishonor. The claim is that this provision violates the Due Process Clauses of the United States and Vermont Constitutions, and further, that it imposes a constitutionally prohibited excessive penalty.

In January, 1974, the plaintiff, a resident of Rutland and the holder of a valid Vermont motor vehicle operator's license, gave the defendant a check in the amount of $131.02 for the payment of a purchase and use tax. The check was returned unpaid. In April, 1974, the Department of Motor Vehicles sent a warning letter to the plaintiff. When the tax remained unpaid, the Department sent a notice, dated May 8, 1974, informing him that his license was suspended for a period of 60 days or until the tax was paid in full. On May 16, 1974, the plaintiff paid the tax, but the Department refused to return plaintiff's operator's license until the expiration of the 60-day period. (The plaintiff had a prior history of unpaid checks with the Department of Motor Vehicles.) On June 12, 1974, plaintiff sought and obtained a preliminary injunction enjoining the defendant from suspending plaintiff's operator's license until this matter was fully adjudicated. At trial, the parties stipulated to the facts. The trial court held for the defendant Commissioner and the plaintiff now appeals.

32 V.S.A. § 8903 et seq. imposes a tax on the purchase or use of a motor vehicle based in Vermont. The statute provides for

the collection of the tax by civil suit. In addition, 23 V.S.A. § 110 provides that whenever any check issued for the payment of any fee tendered to the Department of Motor Vehicles is dishonored by the bank on which it is drawn, the Commissioner, after sending a warning letter, shall suspend the license or registration for a period of 15 days for the first offense and 60 days for subsequent offenses, and in no case shall the license or registration be reinstated until settlement has been made in full. (Suspension of registration was not applicable at the time of this action.)

The suspension of an operator's license pursuant to 23 V.S.A. § 110 is a civil penalty. *Kennedy* v. *Mendoza-Martinez,* 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). A civil penalty for forwarding a bad check in payment of a tax is regulatory in nature rather than punitive. It should be noted that the Commissioner must first give a warning. We believe this is neither an unreasonable nor an unconstitutionally excessive penalty. *Bieling* v. *Malloy,* 133 Vt. 522, 527, 346 A.2d 204 (1975).

■ Plaintiff claims that he is entitled to a due process hearing to determine whether, in fact, he failed to pay the tax, and if so, whether such failure was wilfull. The due process argument was not raised in the lower court, and hence will not be considered here except in extraordinary circumstances. *In re Maher,* 132 Vt. 560, 326 A.2d 142 (1974); *Pezzano* v. *Bonneau,* 133 Vt. 88, 329 A.2d 659 (1974). Nevertheless, in the case at bar, plaintiff had the opportunity to request a hearing pursuant to 23 V.S.A. § 671(a), which provides as follows:

> (a) In his discretion, the commissioner may suspend indefinitely or for a definite time, the license of an operator or the right of an unlicensed person to operate a motor vehicle upon not less than five days' notice. He may order the license delivered to him, whenever he has reason to believe that the holder thereof is an improper or incompetent person to operate a motor vehicle, or is operating improperly so as to endanger the public. If, upon receipt of such notice, the person so notified shall request a hearing, such suspension shall not take effect unless the commissioner, after hearing, determines that the suspension is justified. . . .

Plaintiff failed to request a hearing, even though the guarantees of hearing pursuant to 23 V.S.A. § 671(a) apply to a suspension of an operator's license pursuant to 23 V.S.A. § 110. The suspension notice, dated May 3, 1974, and forwarded to the plaintiff, did not give any indication of the provisions of 23 V.S.A. § 671(a), and although the plaintiff was not told of his right to request a hearing, plaintiff cannot now claim that his rights were infringed, since in view of the agreed statement of facts and plaintiff's admission that he did utter a bad check, a determination as to the wilfullness of the act would have been immaterial. The statute imposes a civil penalty for the prohibited act regardless of the motive or intent of the violator. On the record before us, plaintiff does not require a finding or hearing on the issue of wilfullness.

We would note that in the future, when the Commissioner forwards a notice of suspension of an operator's license or registration, that a better procedure would be that the notice contain a reference to the provisions of 23 V.S.A. § 671(a), indicating the opportunity for hearing upon request.

*Affirmed.*