## Lyman R. Derosia v. Duro Metal Products Co. and Liberty Mutual Insurance Co. v. The Book Press, Inc.

[519 A.2d 601]

No. 84-379

Present: Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.

Opinion Filed October 31, 1986

*Thomas W. Costello* and *Ardith L. Baldwin*, Law Clerk (On the Brief), Brattleboro, for Plaintiff-Appellant.

*Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley*, White River Junction, for Defendant-Appellee Liberty Mutual.

**Hill, J.** This is an action for damages resulting from an accident arising out of and in the course of plaintiff's employment. Plaintiff originally commenced the action against Duro Metal Products Co., the manufacturer of the injury-causing device. He subsequently moved to amend the complaint and joined Liberty Mutual Insurance Co. (carrier), the workers' compensation insurer for plaintiff's employer.

The carrier moved for summary judgment on the ground that 21 V.S.A. §§ 601-709 prohibited actions against an employer's workers' compensation insurance carrier. The trial court denied the motion, and certified the following question pursuant to V.R.A.P. 5(a):

> Does 21 V.S.A. Section 622 bar an action by an employee, who is entitled to workmen's compensation under 21 V.S.A.

Section 601 et seq., against his employer's workmen's compensation insurance carrier on account of injuries allegedly suffered as a result of negligent inspections of the workplace by the compensation insurance carrier when the employee allegedly relied upon the inspections of the workmen's compensation insurance carrier, or when the negligence of the workmen's compensation insurance carrier allegedly increased the risk of harm to the employee.

For the purposes of this appeal, the carrier concedes that it was negligent, that the plaintiff reasonably relied upon the carrier to conduct inspections, and that the injuries were a proximate result of the negligence.

The question as framed must clearly be answered in the affirmative inasmuch as 21 V.S.A. § 622 excludes "all other rights and remedies of such employee . . . at common law or otherwise on account of such injury." The question which the parties briefed and desire to have answered, however, is whether 21 V.S.A. § 624, creating liability in third parties, permits an action against an employer's workers' compensation carrier under the facts and circumstances present in this case. See *State* v. *Carpenter*, 138 Vt. 140, 146, 412 A.2d 285, 289 (1980) ("Court will not hesitate to reach issues outside [scope of certified question] where they are fairly raised by the order appealed"). As modified above, the certified question must be answered in the affirmative.

Plaintiff argues that this Court's holding in *Steele* v. *Eaton*, 130 Vt. 1, 285 A.2d 749 (1971), is controlling here. We disagree. In *Steele*, this Court determined only that there was "nothing in the case to raise, as a matter of law, a duty to make a safety inspection on the part of the insurer, nor [was] there evidence that any such inspection was in fact undertaken and negligently performed . . . ." *Id.* at 3-4, 285 A.2d at 751.

Vermont's Workers' Compensation Act restricts injured employees to the rights and remedies granted thereunder. See 21 V.S.A. § 622. Under 21 V.S.A. § 624, however, "[w]here the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability in *some person other than the employer* . . . , the injured employee or his personal representative may also proceed to enforce the liability of such third party for damages . . . ." 21 V.S.A. § 624(a) (emphasis added). Thus, the question presented reduces to

whether, under the facts of this case, the employer's insurer is "some person other than the employer" for purposes of Vermont's workers' compensation scheme.

Although this is a question of first impression in this jurisdiction, it has been the subject of a great deal of litigation around the country. In fact,

> [o]f all the developments in the volatile field of third-party litigation under workmen's compensation, none has been so dramatic and fast-moving as the line of cases in which injured employees have attempted to treat the compensation carrier as a third party for purposes of tort suits, based usually on alleged negligence in either safety inspections or medical services.

2A A. Larson, The Law of Workmen's Compensation § 72.90, at 14-264 & 14-265 (1983).

Each case necessarily turns on the language of the relevant statutes. According to a leading commentator in the field, Vermont's statute, providing that the term " 'employer' includes his insurer so far as applicable," 21 V.S.A. § 601(3), virtually disposes of the issue by express language. See Larson, *supra*, § 72.93, at 14-288 through 14-290. Courts in other jurisdictions with comparable statutes,[1] however, have concluded otherwise,[2] and it seems clear that, if the words "so far as applicable" are to have any

---

[1] See Ala. Code Tit. 26, § 262(d) (1958) ("The term 'employer' . . . shall, if the employer is insured, include his insurer as far as applicable . . . .") (current version at Ala. Code § 25-5-1(4) (Supp. 1986)); Ga. Code Ann. § 114-101 (1956) (" 'Employer' . . . if the employer is insured, this term shall include his insurer as far as applicable.") (current version at Ga. Code Ann. § 34-9-1(3) (1982); see also S.D. Codified Laws Ann. § 64.0101(1) (1939) ("If the employer is insured it shall include his insurer as far as applicable.") (current version at S.D. Codified Laws Ann. § 62-1-2 (1978)).

[2] See, e.g., *Beasley v. MacDonald Engineering Co.*, 287 Ala. 189, 198, 249 So. 2d 844, 852 (1971) ("In its role of supplying of the financial responsibility required of the employer under the act, [the carrier] is entitled to all of the rights of its insured under the act. In its role of safety engineer it is entitled to no more protection than the law would give to any other in that role."); *Sims v. American Casualty Co.*, 131 Ga. App. 461, 474, 206 S.E.2d 121, 130 (1974) ("compensation insurer . . . is not [immunized from common law suit as third-party tortfeasor] if it occupies the relation of insurer in any capacity other than compensation insurer"). The South Dakota courts have not had occasion to construe that state's statute.

meaning, the employer and his insurer must be considered separate and distinct entities under certain circumstances.

Looking at the cases as a whole in this area, one can identify two approaches to the question before us. Larson, *supra*, § 72.93, at 14-287. The conceptual approach focuses on the identity of the carrier. "[T]he emphasis is on trying to extract from the language of the act any clues on whether the carrier was meant to be assimilated to the employer, or in any other way excluded from the third-party category." *Id.* See, e.g., *Horne* v. *Security Mutual Casualty Co.*, 265 F. Supp. 379, 383 (E.D. Ark. 1967) (words "employer or carrier" are closely followed by "any third party," thus identifying the employer and carrier in third-party situations and disassociating the carrier from "any third party"). This focus may be fruitful in cases where the statutes draw a clear distinction between the employer and its insurer. Where the statutes are less certain, however, ascribing special significance to any particular omission or provision is less convincing.

The functional approach, on the other hand, focuses on what the carrier was doing, and draws a distinction between the role of the carrier as guarantor and the role of the carrier as provider of benefits and services. See, e.g., *Smith* v. *American Employers' Insurance Co.*, 102 N.H. 530, 533-34, 163 A.2d 564, 567 (1960) (carrier's liability under the boiler inspection policy had no relation to its concurrent status as the compensation carrier for the employer) (decision later nullified by statutory amendment); see also Larson, *supra*, § 72.97, at 14-304. Although these two different roles of a carrier have frequently been analyzed as though they were inseparable, there is a crucial difference. "It is virtually impossible to cause physical injury by writing a check. It is very possible to cause physical injury by administering medical treatment to a patient or by making a safety inspection." Larson, *supra*, § 72.97, at 14-304.

We conclude that if a workers' compensation carrier undertakes to provide, rather than pay for, benefits and services, it should be liable in tort as "a person other than the employer." 21 V.S.A. § 624. Such an interpretation is consistent with the Workers' Compensation Act as a whole as "it is not of the essence of the compensation process that the carrier should step out of its fundamental role as financial guarantor and payor and go into the safety inspection service or medical clinic business directly." Larson, *supra*, § 72.97, at 14-304. Moreover, this interpretation gives

content to the phrase "so far as applicable" as it recognizes that the insured and the insurer are to be treated as separate and distinct entities under certain circumstances.

The subrogation subsections focused on by the dissent illustrate that the insurer is to be identified with the employer in its role as compensation carrier. As the dissent correctly points out, they each may settle their claims "as their interests appear." 21 V.S.A. § 624(b). If the amount of any settlement by the employee is less than the compensation benefits payable in the future, the consent of the carrier is required. 21 V.S.A. § 624(b). These provisions, however, merely set forth the procedures to be followed in third-party actions. They do not address the situation where, as here, the carrier wears the hat of an inspector as well as insurer, and they do not preclude the carrier from being sued as a third party in that role.

The dissent is apparently troubled by the seemingly incongruous result that, if the plaintiff is allowed to maintain a third-party action against the carrier, the carrier will end up suing itself as the carrier is subrogated to the injured employee's cause of action against a third-party tortfeasor. Although this may well be true, the spectre of double recovery is unfounded since the carrier would be entitled to set-off, in a judgment against itself as tortfeasor, the amount of compensation paid as insurance carrier. See, e.g., *Smith, supra,* 102 N.H. at 534, 163 A.2d at 567.

Some courts have criticized the position adopted herein on the grounds that it will dissuade insurance carriers from inspecting the workplace, and is therefore contrary to public policy. See, e.g., *Kotarski* v. *Aetna Casualty & Surety Co.,* 244 F. Supp. 547, 558-59 (E.D. Mich. 1965), *aff'd,* 372 F.2d 95 (6th Cir. 1967);[3] *Matthews* v. *Liberty Mutual Insurance Co.,* 354 Mass. 470, 473, 238 N.E.2d 348, 350 (1968). There are several responses to this argument. In *Mays* v. *Liberty Mutual Insurance Co.,* 323 F.2d 174, 178 (3d Cir. 1963), for instance, the court noted that inasmuch as carriers derive a financial benefit from safety inspections, they may choose to continue the practice despite the shadow of potential tort liability. The Iowa Supreme Court concurred, and stated that "no inspection is better than a negligent one." *Fabricius* v.

---

[3] This federal district court decision was later disavowed by a Michigan appellate court in *Ray* v. *Transamerica Insurance Co.,* 10 Mich. App. 55, 62-63, 158 N.W. 2d 786, 789-90 (1968).

*Montgomery Elevator Co.*, 254 Iowa 1319, 1327, 121 N.W.2d 361, 366 (1963).

The most appropriate response to these policy arguments, however, is that they are properly addressed to the legislature as they involve multi-faceted issues best left to a body of government with factfinding tools at its disposal. While public policy generally favors promotion of safety, it also favors holding tortfeasors responsible for their wrongs. Accordingly, we hold that the statute in its present form does not confer absolute immunity on an insured's compensation carrier when that carrier undertakes to perform a safety inspection of the workplace.

*The certified question, as modified by this Court, is answered in the affirmative.*

**Allen, C.J.,** dissenting. I do not agree that the relevant statutes are ambiguous.

The statute creating dual liability permits recovery against some person other than employer. 21 V.S.A. § 624(a). The word " 'employer' " includes the insurer so far as applicable," 21 V.S.A. § 601(3), "[u]nless the context otherwise requires." 21 V.S.A. § 601. There is nothing in the context of § 624(a) or in the Workers' Compensation Act which requires or even permits a construction contrary to the definition set forth in the statute. "[W]hen the statute's meaning is plain on its face, [this Court] must enforce it in accordance with its express terms." *Montgomery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 645 (1983).

The words "so far as applicable" apply to those duties and prohibitions which extend only to the employer and do not apply to the insurance carrier. These include the obligation to secure compensation to employees in one of the enumerated ways, 21 V.S.A. § 687, the failure to comply with the rules and regulations of the commissioner of labor and industry or to pay compensation as required by law, 21 V.S.A. § 689, the failure to post notice of compliance with the provisions of the act, 21 V.S.A. § 691, or the requirement for the filing of a certificate of insurance, 21 V.S.A. § 690. The provisions of the act requiring payment of benefits also impose that obligation upon the "employer" only, 21 V.S.A. §§ 641-643, 645, but the obligation is imposed upon the insurance carrier as well by virtue of the definitional provision, because payment of benefits is the responsibility of both the carrier and the

employer. 21 V.S.A. § 618. A construction which concludes that the word "employer" includes the insurer for purposes of payment, but excludes the insurer for purposes of immunity, defies reason and logic.

Further support for the proposition that the legislature intended the word "employer" to include the insurer for purposes of 21 V.S.A. § 624 is found in § 624(e), which provides that any amounts recovered from a third party in excess of the compensation paid or payable to the date of recovery shall be paid to the employee and be treated as an advance payment "by the employer on account of any future payment of compensation benefits." If an insurer has paid the compensation benefits, the word "employer" must include the insurer for the purposes of this section, and therefore bears the same meaning throughout the remainder of 21 V.S.A. § 624. *State* v. *Welch*, 135 Vt. 316, 321, 376 A.2d 351, 354 (1977).

The exclusivity provision of the Workers' Compensation Act specifically prohibits the plaintiff from exercising any other rights or remedies at common law or otherwise on account of his compensable injury. 21 V.S.A. § 622. An injured employee is permitted, however, to recover against "some person other than the employer" if the injury was caused under circumstances creating a legal liability in that person. 21 V.S.A. § 624 (emphasis added). The word "person" is not defined, but throughout the remainder of 21 V.S.A. § 624 the words "third party" are used in place of "person." Under this statute, the employee, employer, or its insurance carrier may bring an action against the third party in the name of the employee, 21 V.S.A. § 624(a), and each may settle their claims "as their interest[s] [may] appear." 21 V.S.A. § 624(b). If an employee who is insured settles for less than the compensation benefits which would have been payable in the future, the consent of the employer or the insurance carrier is required. 21 V.S.A. § 624(b). A settlement and release by the employee is not a bar to an action by the employer or its insurance carrier against the third party. 21 V.S.A. § 624(c). It is clear from the foregoing that the "person" or "third party" against whom a right of action was restored by the legislature in § 624 is a person or entity other than the insurance carrier. See *Horne* v. *Security Mutual Casualty Co.*, 265 F. Supp. 379, 381 (E.D. Ark. 1967); *Herbert* v. *Layman*, 125 Vt. 481, 484, 218 A.2d 706, 708 (1966).

The majority opinion correctly notes that a leading commentator has opined that our statute has virtually disposed of the issue by express language, but nonetheless contradicts this conclusion by stating that two courts in jurisdictions with comparable statutes have concluded otherwise. The opinion from one of those courts is readily distinguished and the other supports the view here expressed.

In *Beasley* v. *MacDonald Engineering Co.*, 287 Ala. 189, 195, 249 So. 2d 844, 848 (1971), the statutory definition of employer included the insurer "as far as applicable." The court held that the employer and insurer were not to be equated in third-party actions. The holding, however, turned on the fact that the subrogation statute, which had originally given the right only to the employer, was later amended to specifically give the insurance carrier similar rights. The court concluded that if the legislature had intended the word "employer" to include "his insurer" for all purposes, there would have been no necessity to extend to the insurer subrogation rights which it already had under the definitional statute. By contrast, in Vermont, an insurance carrier having paid or having become obligated to pay compensation benefits has always been subrogated to the rights of the injured employee. *Towne* v. *Rizzico*, 113 Vt. 205, 209-11, 32 A.2d 129, 131-32 (1943); *Belfore* v. *Vermont State Highway Department*, 108 Vt. 396, 401-02, 187 A. 797, 798 (1936). The reasoning of *Beasley, supra,* does not apply.

In *Sims* v. *American Casualty Co.*, 131 Ga. App. 461, 206 S.E.2d 121 (1974), the Court of Appeals of Georgia reaffirmed an earlier holding that a compensation carrier enjoys the employer's immunity under an "employer" definition identical to ours. Far from concluding that the issue was "concluded otherwise," the case is clear support for the views expressed in this dissent.

However desirable the conceptual-functional analysis adopted by the majority may be, it is intended to apply only to those states whose statutory language does not expressly identify the carrier with the employer. 2A A. Larson, The Law of Workmen's Compensation § 72.97, at 14-301 (1983). As that commentator concluded, our statutes clearly identify the carrier with employer. This Court cannot by judicial action in the guise of interpretation achieve a particular result simply because it feels that the thrust of a statute is unjust or unfair. *King* v. *Snide*, 144 Vt. 395, 404, 479 A.2d 752, 756 (1984). Justice Peck joins in this dissent.

I would answer the question as modified in the negative.