# Gertrude C. Derosia v. The Book Press, Inc. and Liberty Mutual Insurance Co.

[531 A.2d 905]

No. 85-332

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Underwood, J. (Ret.), and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed June 26, 1987

*Thomas W. Costello, P.C.*, Brattleboro, for Plaintiff-Appellee.

*Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley*, White River Junction, for Defendant-Appellant.

**Allen, C.J.** Plaintiff, the wife of an injured employee, commenced this loss of consortium action against her husband's employer, The Book Press, Inc.,[1] and the employer's workers' compensation carrier, Liberty Mutual Insurance Company (Liberty). The complaint alleged, inter alia, that Liberty's negligent inspection of the work place was the proximate cause of her husband's physical injuries, on account of which she suffered damages for loss of consortium. The action is here on interlocutory appeal, under V.R.A.P. 5(b)(1), from an order of the Windham Superior Court denying Liberty's motion to dismiss. We conclude that the trial court improperly denied the motion to dismiss, and reverse and remand.

We note at the outset that the order granting permission to appeal does not set forth the question or questions of law deemed to be controlling. The trial court denied Liberty's motion to dismiss on the grounds ultimately affirmed in *Derosia* v. *Duro Metal Products Co.*, 147 Vt. 410, 519 A.2d 601 (1986), and did not decide the questions which Liberty seeks to raise in this appeal. Nevertheless, where, as here, the questions which the parties seek to have resolved can be determined and have been fully briefed and argued, we will reach them. *In re Fletcher*, 144 Vt. 419, 422, 479 A.2d 134, 135-36 (1984); *State* v. *Carpenter*, 138 Vt. 140, 146, 412 A.2d 285, 289 (1980).

---

[1] The superior court granted the employer's motion to dismiss the loss of consortium claim against it, relying on the exclusive remedy provision of the workers' compensation statute, 21 V.S.A. § 622. The plaintiff has not appealed that order. The only claim now before this Court is the loss of consortium claim against the insurance carrier, Liberty.

*Duro Metal* held that a workers' compensation insurance carrier is not immune from a tort action brought by an employee, notwithstanding the receipt of benefits by the employee under the workers' compensation statute, when the carrier negligently "undertakes to perform . . . safety inspection[s] of the workplace," and causes injury to the employee. *Duro Metal,* 147 Vt. at 415, 519 A.2d at 604. Liberty now argues that even if it is not immune from third-party actions brought by the injured employee, the workers' compensation statute bars a loss of consortium claim brought by the spouse of the injured employee. Liberty's argument raises issues of first impression in this jurisdiction requiring us to interpret both the exclusive remedy provision, 21 V.S.A. § 622, and the dual liability provision, 21 V.S.A. § 624(a), of the workers' compensation statute.

## I.

Liberty's first argument is that the exclusive remedy provision of the statute, 21 V.S.A. § 622, bars plaintiff's loss of consortium claim. Section 622 provides:

> The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter *shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin,* at common law or otherwise on account of such injury.

21 V.S.A. § 622 (emphasis added). The language of § 622, decisions from other jurisdictions interpreting similar statutory provisions, and our prior characterization of the nature of a claim for loss of consortium all support Liberty's interpretation of the statute.

In exchange for a grant to covered employees of "a remedy which is both expeditious and independent of proof of fault," the workers' compensation statute provides employers with liability which is "limited and determinate." *Morrisseau v. Legac,* 123 Vt. 70, 76, 181 A.2d 53, 57 (1962). As indicated above, the statute contains broad language barring "all other rights and remedies" of the employee's "dependents or next of kin, at common law or otherwise on account of such injury." 21 V.S.A. § 622. Plaintiff

argues that the limitations in § 622 do not apply to her loss of consortium claim because her injury is not one for which her husband could be compensated under the Act, and it is therefore an independent cause of action.

██ ██ Plaintiff misconstrues a loss of consortium cause of action. We have previously noted that a claim for "loss of consortium is a derivative action," is dependent upon the success of the underlying tort claim, and arises on account of the injured employee's physical injury. *Hay* v. *Medical Center Hospital*, 145 Vt. 533, 539, 496 A.2d 939, 942-43 (1985). Since an injured employee would be barred under § 622 from bringing a tort action against Liberty, *Duro Metal*, 147 Vt. at 411, 519 A.2d at 602, a derivative loss of consortium claim is similarly barred. The wrong complained of in the present case is rooted in time, place, and circumstance to her employee husband's injury, and plaintiff's loss of consortium claim is not independently compensable. See *Wesson* v. *City of Milford*, 5 Conn. App. 369, 373, 498 A.2d 505, 508 (1985).

Although the persuasive force of precedent from other states is diminished by the diversity of statutory formulations of exclusive remedy provisions, decisions from other jurisdictions nevertheless provide some guidance for our interpretation of our workers' compensation statute, since our statute is based on the same public policies underlying the workers' compensation statutes of our sister states. Our interpretation of § 622 is supported by the large majority of decisions from other states on this point. "Under the wording of most 'exclusive remedy' clauses, any common-law right of a husband or wife to sue for loss of the wife's or husband's services and consortium . . . is barred." 2A A. Larson, The Law of Workmen's Compensation §§ 66.00, 66.20 (1987). See *Lunow* v. *Fairchance Lumber Co.*, 389 F.2d 212, 214 (10th Cir. 1968) (applying Oklahoma law); *Wright* v. *Action Vending Co.*, 544 P.2d 82, 86 (Alaska 1975) (spouse's tort action for loss of consortium against injured husband's employer brought on account of the injury to her husband held barred by exclusive liability provision); *Henderson* v. *Hercules, Inc.*, 253 Ga. 685, 686, 324 S.E.2d 453, 454 (1985) (wife's cause of action against injured husband's employer for loss of consortium barred by exclusive remedy provision and derivative nature of claim); *Fregeau* v. *Gillespie*, 96 Ill. 2d 479, 486, 451 N.E.2d 870, 873 (1983); *McKellar* v. *Clark Equipment Co.*, 472 A.2d 411, 415 (Me. 1984) (claim for loss of

consortium asserted by spouse of injured employee against employer barred by immunity provision); *Rios* v. *Nicor Drilling Co.*, 665 P.2d 1183, 1185 (Okla. 1983). Plaintiff's claim is within the class of "rights and remedies" barred by the language of § 622, and there is little question that the spouse is within the class barred by the exclusivity provision from maintaining such an action. See *Casaccia* v. *Green Valley Disposal Co.*, 62 Cal. App. 3d 610, 612, 133 Cal. Rptr. 295, 295-96 (1976); *Henderson*, 253 Ga. at 685, 324 S.E.2d at 454 (legislative intent was to include spouse in exclusive remedy provision of Georgia statute barring claims by "personal representative, parents, dependents, or next of kin"); *Gulf States Ceramic* v. *Fenster*, 228 Ga. 400, 401, 185 S.E.2d 801, 801 (1971); *Sneed* v. *Carolina Power & Light Co.*, 61 N.C. App. 309, 310-11, 300 S.E.2d 563, 564 (1983) (North Carolina G.S. 97-10.1 barring claims by "employee, his dependents, next of kin, or personal representative" bars loss of consortium claim by spouse where husband was compensated under Workers Compensation Act). Accordingly, we hold that plaintiff's loss of consortium claim against Liberty is barred by the exclusive remedy provision of the workers' compensation statute.

## II.

The conclusion that the exclusivity provision bars plaintiff's claim does not end our inquiry. Section 624(a) of the workers' compensation statute allows a cause of action against a third party in certain circumstances, creating an exception to the exclusivity provision in § 622. Under § 624(a), "[w]here the injury for which compensation is payable . . . was caused under circumstances creating a legal liability in some person other than the employer . . ., the injured employee or his personal representative may proceed to enforce the liability of such third party for damages . . . ." 21 V.S.A. § 624(a).

We held in *Duro Metal* that a workers' compensation insurance carrier which undertakes to perform a safety inspection of the work place is "some person other than the employer" for purposes of § 624(a). *Duro Metal*, 147 Vt. at 415, 519 A.2d at 604. Plaintiff urges that *Duro Metal* is directly applicable to the present case and should control, allowing pursuit of her claim. Liberty argues that the language of § 624(a) is not broad enough to encompass plaintiff's claim since only an "injured employee or his

personal representative" may enforce the liability of a third party. Since the plaintiff is neither the injured employee nor his personal representative, Liberty contends that her loss of consortium claim is outside the intended scope of § 624(a).

█ As support for its interpretation of the statute, Liberty invokes the plain meaning rule, which dictates "that when the meaning of a statute is plain on its face it must be enforced according to its terms and there is no need for construction; the legislative intent is to be ascertained from the act itself, which is presumed to be in accordance with the ordinary meaning of the statutory language." *Hill* v. *Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983) (per curiam).

█ The meaning of §.624(a) is plain on its face and precludes this Court from reading into the statute words which are not there. *Hiltz* v. *John Deere Industrial Equipment Co.*, 146 Vt. 12, 16-17, 497 A.2d 748, 752 (1985); *Jones* v. *Department of Employment Security*, 140 Vt. 552, 554, 442 A.2d 463, 464 (1982). Plaintiff is not within the class of parties to which the legislature extended the right to enforce the liability of third-party tortfeasors. Even though the express language of the statute, allowing third-party actions to be brought by only the injured employee or his personal representative, may be to some degree inconsistent with the broad underlying purpose of third-party actions,[2] it is not our prerogative to correct this apparent internal inconsistency in the statutory scheme. The express language of § 624(a) does not, as currently written, allow a loss of consortium claim by the spouse of an injured employee against a third party.

---

[2] In *Herbert* v. *Layman*, 125 Vt. 481, 218 A.2d 706 (1966), *overruled on other grounds*, *Whitney* v. *Fisher*, 138 Vt. 468, 470-72, 417 A.2d 934 (1980), we stated that "[t]he underlying basis [of § 624(a)] is to permit the ultimate loss to fall on those persons responsible, after the initial policy of providing sure relief to the employee has been fulfilled. The ultimate wrongdoer ought not escape his obligation to pay *full tort damages* for the injury he caused." *Id.* at 484-85, 218 A.2d at 709 (emphasis added). To the extent that the language of § 624(a) precludes a loss of consortium claim by the wife of an injured spouse, the third-party tortfeasor is allowed to escape paying full tort damages for the injury he caused.

The apparent incongruence between the statutory language and the underlying policy of the statute may be due to the fact that a wife's right to recover for loss of consortium was not recognized in this state until 1977 with the enactment of 12 V.S.A. § 5431, see 1977, No. 43, some eighteen years after the enactment of the current version of § 624 in 1959. See 1959, No. 232.

The plaintiff finally contends that a statutory bar to her loss of consortium action against the compensation carrier would violate her constitutional rights under Chapter I, Article 4 of the Vermont Constitution. This argument was not made or urged to the trial court, and therefore will not be considered on appeal in the absence of extraordinary circumstances. Such circumstances are not present in this case. See *Bauer* v. *Malloy*, 135 Vt. 175, 177, 376 A.2d 17, 18 (1977); *Pezzano* v. *Bonneau*, 133 Vt. 88, 92, 329 A.2d 659, 661 (1974); cf. *In re Maher*, 132 Vt. 560, 562, 326 A.2d 142, 143-44 (1974).

*Reversed and remanded for entry of judgment on Liberty Mutual Insurance Company's motion to dismiss.*