Filed  01/29/26

**VERMONT SUPERIOR COURT**
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01118

| Mikayla Preston, et al v. Copley Health Systems, Inc., et al |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss Counts V and VI of Complaint (Motion: 3)
Filer:      Curtis L. S. Carpenter
Filed Date:    November 05, 2025

The motion is DENIED.

### Decision on Copley's Motion to Dismiss

Plaintiff Ms. Mikayla Preston, on behalf of herself and her son, identified as O.W., asserts that she was admitted to Copley Hospital for an elective induction of labor, during which hospital personnel intravenously administered the wrong drug due to an error by the hospital pharmacy.  Non-fatal injuries are alleged to have resulted to both her and O.W.  Among the several claims asserted in this case are O.W.'s loss of parental consortium and Ms. Preston's loss of filial (child) consortium.

Copley has filed a Rule 12(b)(6) motion to dismiss both consortium claims.  It argues that the parental consortium claim falls outside the scope of *Hay v. Medical Center Hosp. of Vermont*, 145 Vt. 533 (1985), which recognized such a claim in the context of a parent in a permanently comatose state, and the child consortium claim is simply not recognized in Vermont.

*Procedural Standard*

A motion to dismiss for failure to state a claim faces a high bar.  The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted."  This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and,

1

generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists."). The Vermont Supreme Court has made clear that "[t]he complaint is a bare bones statement that merely provides the defendant with notice of the claims against it." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1. "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low.'" *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The purpose of the complaint "is to initiate the cause of action, not prove the merits of the plaintiff's case." *Colby*, 2008 Vt. 20, ¶ 13. The mere absence of an allegation or an element is not a proper basis for dismissal. *Id.*; see also 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1356, at 296 ("The Rule 12(b)(6) motion . . . is not designed to correct inartistic pleadings.").

*Analysis*

Consortium refers to the "benefits that one person . . . is entitled to receive from another, including companionship, cooperation, affection, aid, and (between spouses) sexual relations." Black's Law Dictionary 304 (7th ed. 1999). A claim for loss of consortium is derivative in the sense that it depends "upon the success of the underlying tort claim, and arises on account of the injured [person's] physical injury." *Derosia v. Book Press, Inc.*, 148 Vt. 217, 220 (1987). The law limits who in relation to the injured person may bring such a claim. Either legally married spouse may bring such a claim. See 12 V.S.A. § 5431; *Harris v. Sherman*, 167 Vt. 613, 615 (1998); *Whitney v. Fisher*, 138 Vt. 468, 471–72 (1980). In *Hay v. Medical Center Hosp. of Vermont*, 145 Vt. 533 (1985), the Vermont Supreme Court extended the claim to the circumstance of a child claiming the loss of a parent's consortium. The Court has never extended the similar claim to the circumstance of a parent claiming the loss of a child's consortium, but it has never expressly denied it in any decisions analyzing the claim of consortium.

1.      *Child's loss of parental consortium*

In *Hay*, the tort-victim's injury resulted in a permanently comatose state.   Copley argues that *Hay* is limited to such a circumstance, or at least one in which the parent is in some kind of state functionally equivalent to death.  Ms. Preston appears to understand *Hay* similarly.  She argues that dismissal would be premature, however, because the evidence may reveal that she does suffer the sort of lack of capacity that *Hay* requires, and otherwise the court should more broadly construe the claim to not require a lack of capacity equivalent to death.

The *Hay* Court engaged in a detailed analysis of the propriety of evolving the common law to permit a child to claim a lack of parental consortium.  Nothing in the substance of that analysis implies that it was adopting a limitation on such claims requiring the functional death of the parent, which limit would have no history or basis under an ordinary spousal consortium claim and would ensure that the claim could only be asserted in the rarest of circumstances. Rather, the analysis appears to impose no such limitation whatsoever.

No doubt, the Court concludes by stating: "For the reasons cited herein, we recognize that a minor child has the right to sue for damages for the loss of parental consortium when the parent has been rendered permanently comatose."  *Hay*, 145 Vt. at 545.  But in light of the analysis that precedes it, the reference to the parent's permanently comatose condition here must be understood to simply refer to a fact of the case rather than as a limitation on the claim adopted.

In fact, Justice Larrow, in dissent, recognized exactly that: "The majority opinion discusses loss of parental consortium at length.  Although its specific holding relates to the permanent 'brain death' of the mother, its general discussion makes it clear that this is not a sine qua non for liability, and that the Court is adopting a cause of action for a minor's loss of parental consortium, without limitation."  *Id*. at 546 (Larrow, J., dissenting).  The court agrees.

There is no basis to dismiss O.W.'s loss of parental consortium claim at this point in the litigation as the facts underlying such a dismissal are in dispute and go beyond the function of a motion to dismiss.

2.      *Parent's loss of child's consortium*

3

The Vermont Supreme Court has never similarly expanded the common law to extend to a parent's loss of a child's consortium. Copley argues that, since *Hay*, forty years have gone by without the Court having done so, and that should be sufficient for the court to conclude that the common law should not so evolve now. However, the Court draws no such inference from mere silence in the decisions of the Supreme Court because there is no indication that the issue has been put to it in those forty years. Otherwise, there is no statute or binding case law prohibiting any such further evolution of the common law.

The undersigned examined this question in detail in *Letourneau v. Claffey*, No. 289-12-19 Cacv, 2023 WL 9320693 (Vt. Super. Ct. Dec. 8, 2023) in the context of a motion for judgment on the pleading. There, the court reviewed the history of things and relevant authorities and concluded that extending the claim to a parent's loss of a child consortium makes good sense and was consistent with both evolving practice and common law recognition concerning the loss of a child to a parent. See *id*. at *3 ("While *Hay* focuses on the child's perspective and the loss of a parent, nothing in its reasoning suggests that the analysis is not equally as strong in the opposite direction. Time has proven the truth of this position."). For that reason, the motion for judgment on the pleadings was denied.

The court adopts the analysis of *Letourneau* for purposes of this case and the present motion to dismiss. See also Restatement (Third) of Torts: Concluding Provisions § 48B TD No. 1 (broadly adopting parental loss of child consortium claim). At worst, Ms. Preston's claim is novel under Vermont law, and the dismissal standard counsels in favor of keeping novel claims in the case so that they may be more reliably addressed once the evidence has developed.

For these reasons, the court declines to dismiss Ms. Preston's consortium claim. Whether either plaintiff in fact has experienced any loss of consortium is not presented by Copley's motion.

The court notes that Plaintiffs presented numerous other arguments in support of the denial of Copley's motion. Because the motion is denied for the reasons asserted above, the court declines to address those other arguments.

**ORDER**

For the foregoing reasons, Copley's motion to dismiss is **Denied**.

Electronically signed on 1/28/2026 12:07 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge