### State of Vermont v. Michael R. Foster

[421 A.2d 1284]

No. 215-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 8, 1980

*Mark J. Keller,* Chittenden County State's Attorney, and *Norman R. Blais,* Chief Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Defendant.

Larrow, J. Defendant, estranged from his wife, was living with another woman. A temporary restraining order was issued against him in connection with divorce proceedings. Defendant went to a mobile home occupied by his wife in Colchester and kicked in the door. An altercation ensued revolving around child custody, and defendant refused to leave the premises. The wife summoned police officers and showed them the restraining order. They directed him to leave, and he refused. More altercation ensued, but defendant was eventually handcuffed and led from the building. Further blows were struck outside before defendant was subdued, taken to a hospital, and later incarcerated. As a result, defendant was convicted, on jury trial, of unlawful trespass under 13 V.S.A. § 3705(a), and recklessly causing bodily injury to one Thomas Stech, a law enforcement officer performing a lawful duty under 13 V.S.A. §§ 1023(a)(1) and 1028. The last two sections are interrelated, with the second rendering the offense of simple assault, defined by the first, a separate and more serious crime when committed upon a law enforcement officer performing a lawful duty.

Defendant's general grounds for appeal, raised below by appropriate motions, are that a judgment of acquittal should have been granted as to the first offense, unlawful trespass, because the State did not show him to be on the premises without legal authority, and as to the second offense because

the officer was not performing a legal duty, defendant having a legal right to use force to resist eviction from his home.

The parties do not dispute the essential elements of unlawful trespass under 13 V.S.A. § 3705. They are (1) entering or remaining on any land or in any place, (2) without legal authority or the consent of the person in lawful possession, and (3) notice against trespassing given by actual communication by the person in lawful possession, his agent, or by a law enforcement officer acting on behalf of either of them. All elements except "without legal authority" find ample support in the record. The door was barred and locked against him because of previous phone calls, and he kicked it in. He was asked to leave by both the wife and the police officer, and shown the restraining order, which admittedly had been served upon him after its issuance. Yet, he claimed a right to remain, refusing to leave the place. Defendant here asserts only that he did have legal authority to be at the place in question at the time of the alleged offense.

Initially some argument is made that the mobile home in question was not realty, and therefore not within the purview of the statute. Although the record is far from clear, it was purchased and paid for by the wife, and located in a trailer park, upon terms which are undisclosed as to the nature of her interest in the underlying land. We do not, however, regard this as important. Whether the mobile home was realty or personalty, the language of the statute cannot be stretched to hold that the scene was not a "place." This argument cannot prevail.

Defendant also argues that under the common law of this jurisdiction he has at least "minimum possessory rights" in his wife's property, and that the temporary restraining order did not deprive him of that interest. The State urges that there was ample evidence of abandonment of the marital domicile, citing *Tower* v. *Tower*, 120 Vt. 213, 135 A.2d 602 (1958), a case dealing with residence for the purpose of instituting divorce actions. We do not regard this question as controlling, because in our view, the temporary restraining order prohibited, absent consent, the presence of the defendant at the place and time in question. Not being

necessary for decision, we do not consider the abandonment question an issue to be wisely determined upon the scant relevance and casual briefing afforded it in the instant case.

It is true, as defendant argues, that the temporary restraining order in question does not specifically entrust to the wife, or remove from the defendant, possessory rights in the mobile home in question. In its relevant parts it provides:

> 1. That the Defendant shall not telephone, visit or otherwise contact the Plaintiff or the minor child of the parties while under the influence of alcohol or drugs.
>
> . . . .
>
> 5. Neither party shall bother, molest, harass, assault or otherwise interfere with the lifestyle of the other party.
>
> 6. This Order shall remain in full force and effect until further order of the Court.

But having in mind what the evidence disclosed, that the defendant came to the place around midnight, somewhat intoxicated and highly belligerent, after repeated threatening phone calls from a barroom, and proceeded to kick open a locked and barricaded door, we are convinced that his actions were in violation of the restraining order, and rendered him, under the statutory terminology, "without legal authority" to be present at the time and place in question.

Two other objections are raised to the restraining order as a basis for negating "legal authority." The first is that the order had expired under the provisions of V.R.C.P. 65(a), limiting the operation of ex parte restraining orders to 10 days, unless extended for a like period for good cause. It is undisputed that the order, on its face, was to continue until further order of court. It is also undisputed that more than 20 days had expired from its issuance. But it was also apparently unnoticed by all concerned that the provisions of V.R.C.P. 65 are not applicable to proceedings for temporary orders in divorce actions. V.R.C.P. 80(c)(4). This argument cannot prevail.

Finally, defendant argues that the ex parte procedure under which the temporary order was granted, if it has the

significance for which the State contends, is violative of his due process rights under *Goldberg* v. *Kelly,* 397 U.S. 254 (1970). We are not pointed to any claim to this effect made below, nor are we able to find any. Having in mind that this is not a direct appeal from the order complained of, but at best collateral (and late) attack, we will not consider this assignment of error. The "extraordinary circumstances" which we require are not here present. Cf. *Bauer* v. *Malloy,* 135 Vt. 175, 177, 376 A.2d 17, 18 (1977); *In re Maher,* 132 Vt. 560, 326 A.2d 142 (1974).

Nor do we view as at all material the argument advanced by the defendant that this is analogous to confinement for civil contempt, a procedure we subjected to close scrutiny in *Randall* v. *Randall,* 129 Vt. 432, 282 A.2d 794 (1971), or clearly unauthorized as of the time of the offense because subsequent legislation made violation of the order a criminal offense. 1979, No. 153 (Adj. Sess.), § 2. The offense charged under the unlawful trespass statute was precisely that, not violation of a civil restraining order. That such a violation is now, but was not then, a criminal offense, is completely immaterial. This offense is trespass as prohibited by the statute, and the restraining order is only a factor in one element, that of presence without legal authority and without consent. Carried to absurd conclusion, the arguments advanced would bar prosecution for murder if the killing also violated a restraining order against harassment.

■ Conviction upon the charge of unlawful trespass, as against defendant's claim for a judgment of acquittal, is supported. This disposition largely governs the conviction on the charge of reckless bodily injury to a law enforcement officer performing a legal duty. The attacks upon each are interdependent.

Our discussion of the evidentiary facts underlying the conviction on the charge of unlawful trespass completely disposes of defendant's claim that he was, as a matter of law, "protecting himself against forceable removal from his property." Whoever was entitled to possession of the "property," the mobile home was a "place" where defendant was not entitled to be at the time, and he had been so notified. On the State's evidence as presented, his removal, restraint and

arrest were fully justified. The officer assaulted was performing a "lawful duty" within the contemplation of 13 V.S.A. §§ 1023(a)(1) and 1028. The two cases here involved were tried together, with separate judgments and sentences. Each conviction must be affirmed. *In Docket Nos. 700-79 CnCr and 701-79 CnCr, the judgments appealed from are affirmed.*