2013 VT 63

## State of Vermont v. John C. Stokes

[83 A.3d 567]

Nos. 12-003 & 12-455

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed August 2, 2013

Motion for Reargument Denied August 22, 2013

352

*Robert Butterfield*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant.

¶ 1. **Burgess, J.** In these consolidated appeals, defendant challenges his unlawful trespass conviction and his obligation, as a condition of probation, to complete a Domestic Abuse Education Program (DAEP). Defendant also appeals from the court's denial of his motion to modify his probation conditions and its conclusion

that he violated probation by failing to complete DAEP as ordered. We affirm.

¶ 2. Defendant was charged with violating 13 V.S.A. § 3705, which prohibits a person, without legal authority or the consent of the person in lawful possession, from entering or remaining "on any land or in any place" as to which notice against trespass has been given. The unlawful trespass charge arose when defendant refused to get out of his ex-girlfriend's car when, in the course of a domestic argument, she repeatedly demanded he do so. Defendant maintains that the inside of a car is not a "place" within the meaning of the statute.

¶ 3. The following evidence was presented at trial. Defendant and his ex-girlfriend have a son who was three years old at the time of the incident. The ex-girlfriend has custody of the child; defendant has visitation rights. On the date in question, the ex-girlfriend agreed to go fishing with defendant and the child, have a cookout, and watch the Independence Day fireworks at a local high school. The adults were drinking during the cookout, and defendant behaved antagonistically toward his ex-girlfriend.

¶ 4. On the way to the fireworks, the ex-girlfriend decided that she and the child were not in a good situation, and she told defendant that she planned to go home. As she was driving home, defendant repeatedly called and berated her for leaving. The ex-girlfriend reconsidered her decision and returned to the high school, where she waited in her car while defendant took the child to watch the fireworks.

¶ 5. When defendant and the child returned, the ex-girlfriend tried to secure the child into his car seat in the rear of her vehicle. The child was upset and crying so the ex-girlfriend let defendant take over. Defendant buckled the child into his car seat and stood with one foot in the car and one foot out of the car, with the rear door open. The ex-girlfriend asked defendant to close the car door, but he ignored her. She repeatedly told him to get out of the car so she could leave. When she told defendant that she was going to call the police, he laughed at her. The ex-girlfriend felt that she was in an unsafe situation and called the police. Defendant remained in the car for approximately ten to fifteen minutes, while being told seven to ten times to get out. Defendant did not leave until he heard the police sirens.

¶ 6. When police located defendant approximately an hour later, he initially denied being at the fireworks or having a confrontation

with his ex-girlfriend. Defendant was behaving erratically, and he showed signs of being intoxicated. Defendant denied having his foot in his ex-girlfriend's car and testified that he had never been inside his ex-girlfriend's car. He stated that he was trying to calm the child down and closed the car door as soon as he had the child secured in his car seat. He admitted that he heard his ex-girlfriend tell him to get out of the car several times. The jury found defendant guilty of unlawful trespass.

¶ 7. At sentencing, the State asked the court to order defendant to complete DAEP as a special condition of probation. The State pointed to the testimony at trial and argued that the case had been fueled by the same dynamics at play in domestic-abuse situations. It maintained that the only way in which to deal with the issues that led to the incident was to address defendant's attempts to control his ex-girlfriend and her relationship with the parties' child. The State asserted that DAEP directly addressed these types of issues and it was more suitable than any type of anger-management program.

¶ 8. The court recognized that DAEP was a unique recommendation for this type of offense but found the State's request warranted. It agreed with the State that the incident was about power and control, with the parties' son caught in the middle, and that the parties would have many more years of interacting with one another. The court found that DAEP might improve the situation and decrease the chance that similar incidents would recur. The court noted that if the DAEP facilitator decided that the program would not help defendant, or that he was not a good fit for the program, defendant's attorney could move to modify his probation conditions. The court thus sentenced defendant to one to three months, all suspended, with special conditions of probation including the requirement that he complete DAEP.

¶ 9. In December 2011, defendant filed a notice of appeal from his conviction and sentence, as well as a request to stay the DAEP condition pending his appeal. See V.R.Cr.P. 38 (allowing for stay of sentence of imprisonment or probation under certain circumstances). Defendant initially, and erroneously, argued that a stay was mandatory because defendant was convicted of a non-violent misdemeanor. See V.R.Cr.P. 38(a) ("A sentence of imprisonment upon conviction of a misdemeanor not involving an act of violence against another person shall be stayed . . . pending appeal."). As the court pointed out, however, defendant's sentence

was wholly probationary, and thus, the court had discretion to decide if a stay was justified. See V.R.Cr.P. 38(d)(1) ("An order placing the defendant on probation *may* be stayed if an appeal is taken." (emphasis added)).[1]

¶ 10. The court did not find a stay warranted. Defendant asserted that his argument on appeal — that the trespass statute did not apply because there was no trespass to land — presented a close question. If it was truly a close question, the court explained, it might agree to a stay, but case law strongly supported the notion that the words "any place" in the statute applied to the inside of a vehicle. The court thus denied the motion to stay. Defendant did not appeal the denial to this Court. See V.R.A.P. 8 (providing that where request for stay of sentence is denied in trial court, party may ask Supreme Court to impose stay pending appeal).

¶ 11. Four months later, in April 2012, defendant's probation officer filed a probation violation complaint alleging that defendant violated the DAEP condition of his probation. The probation officer averred that when defendant attended his intake meeting to determine his eligibility for DAEP, he refused to admit to the state's attorney's information, which was a condition of enrollment. He thus would not be completing the DAEP condition of probation. The probation officer asked the court to revoke probation and impose the underlying sentence.

¶ 12. In September 2012, defendant moved to stay his sentence pending appeal. The court denied defendant's request on the record at a September 2012 status conference. In October 2012, defendant moved to stay both his probation requirements and the violation-of-probation (VOP) proceeding pending appeal. Defendant also moved to modify the conditions of his probation. As to the latter motion, defendant asserted that because he had been convicted of unlawful trespass after trial and did not plead guilty,

---

[1] In considering defendant's request, the court looked to the Reporter's Notes accompanying the rule, which recognized that a delay in the commencement of probation might seriously inhibit the rehabilitative purpose of probation. Reporter's Notes, V.R.Cr.P. 38; see also Federal Advisory Committee's Notes to 1972 Amendment of Federal Rule 38(a)(4), 56 F.R.D. 143, 161-62 (1972) (explaining that rule was changed to give trial court discretion in considering stay in probation cases because requiring probation during appeal period may serve objectives of both community protection and defendant rehabilitation, and noting that American Bar Association Project on Standards for Criminal Justice opines that prompt imposition of sentence aids in defendants' rehabilitation).

he should not have to complete DAEP. He maintained that the DAEP condition "set him up to fail" because he never agreed with the State's information and affidavit.

¶ 13. The court considered defendant's motions at the November 2012 VOP merits hearing and denied them. As to the motion to modify, the court rejected defendant's suggestion that a judge could impose DAEP as a condition of probation only if a defendant pleaded guilty to a crime. The court emphasized that the trial judge had heard the evidence and concluded that the condition was appropriate and it did not matter if defendant considered the condition appropriate or not. Once there was a jury verdict of guilty, the court continued, a defendant could be expected to acknowledge the behavior and participate in counseling. As to the requests to stay, the court noted that it previously denied such requests and saw no changes since that time to warrant a stay. Defendant did not ask this Court to review the trial court's stay decision under Vermont Rule of Appellate Procedure 8.

¶ 14. Following a merits hearing, the court found it clear that defendant violated the terms of his probation. As it explained, defendant's probation order required him to complete DAEP, and it was undisputed that defendant would not admit to the offense, which was the very first requirement of that program. Thus, he could not complete the program.

¶ 15. In reaching its conclusion, the court recognized defendant's perception that he was not guilty and therefore could not admit his guilt. Nonetheless, the court explained, once a jury reached a verdict, that verdict was what the court acted on in terms of sentencing. The court reiterated that the trial judge had determined after hearing the evidence at trial that the unlawful trespass involved "power and control" issues and that DAEP was the appropriate way in which to address these issues. At that point, the court continued, DAEP became obligatory in order to avoid incarceration, regardless of defendant's disagreement with the conviction or sentence, or both.[2] Upon finding noncompliance with the DAEP condition, the court revoked defendant's probation and imposed the underlying sentence, although it stayed execution

---

[2] We note that a defendant could seek a stay of sentence or probation to avoid having to admit guilt pending appeal. As noted, defendant here did seek a stay, but the trial court denied his request. Defendant could have, but did not, seek a stay from this Court.

of the sentence pending appeal. Defendant appealed, and this appeal was consolidated with defendant's appeal from his conviction.

¶ 16. We begin with defendant's challenge to his conviction. Defendant moved to dismiss below for lack of a prima facie case, arguing that a car was not a "place" within the meaning of 13 V.S.A. § 3705. The trial court rejected this argument and cited *State v. Foster*, 139 Vt. 18, 421 A.2d 1284 (1980), applying the proscription against unlawful trespass to a mobile home, in support of its conclusion. On appeal, defendant reiterates his argument that a car is not a place. He notes that the subchapter that encompasses § 3705 is entitled "Injuries to Buildings and Their Appurtenances," and he asserts that the statute itself discusses only land, residences, and buildings. Given this, defendant maintains that the statute does not encompass vehicles. Defendant also argues that *Foster* is distinguishable because it involved a trespass to a mobile home, which is a residence or building.

¶ 17. We review de novo the meaning of the unlawful trespass statute. See, e.g., *State v. Therrien*, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129 ("The interpretation of a statute is a question of law that we review de novo."). In interpreting this statute, we seek to implement the Legislature's intent, and "[t]he definitive source of legislative intent is the statutory language, by which we are bound unless it is uncertain or unclear." *In re Bennington Sch., Inc.*, 2004 VT 6, ¶ 12, 176 Vt. 584, 845 A.2d 332 (mem.). In conducting our analysis, "[w]e assume the Legislature intended the plain and ordinary meaning of the language it used." *State v. Stell*, 2007 VT 106, ¶ 12, 182 Vt. 368, 937 A.2d 649.

¶ 18. ■ As set forth above, 13 V.S.A. § 3705(a) prohibits a person, without legal authority or the consent of the person in lawful possession, from entering or remaining "on any land or in any place" as to which notice against trespass has been given. We reject defendant's assertion that this language extends only to buildings and land. By its plain terms, the statute extends to "any place" as well as to buildings and lands. Giving the words "any place" their ordinary meaning, they clearly apply to the inside of a car. The fact that the statute provides greater penalties for persons who enter locked buildings, residences in violation of a court order, or dwelling houses, see *id.* § 3705(c) and (d), does not change this result.

¶ 19. ■ ■ In this regard, the statute establishes a scheme of prohibitions and punishments that reflects an escalating sanction for increasingly egregious trespass, with knowingly unauthorized entry into a dwelling topping the list (a felony), followed by entry into a normally locked building other than a residence (a one-year misdemeanor), and ending with entering or remaining "on any land or *in any place* as to which notice against trespass is given." *Id.* § 3705(a) (emphasis added). Application of the last provision to extend criminal trespass to the facts presented here is in keeping with the statutory objective to protect property from intrusion by strangers to any right of lawful possession. To the extent that defendant relies on the title of the statute in support of his position, that reliance is misplaced. "Where as here the statutory text is clear, the title of a statute . . . cannot limit the plain meaning of the text." *Demore v. Kim*, 538 U.S. 510, 535 (2003) (quotation omitted).

¶ 20. ■ This interpretation is consistent with *Foster*, which involved a defendant's refusal to leave a mobile home. Our decision there did not depend on the mobile home's status as a residence or building, as defendant asserts. To the contrary, we found any distinction between realty and personalty immaterial. As we explained, "[w]hether the mobile home was realty or personalty, the language of the statute cannot be stretched to hold that the scene was not a 'place.' " 139 Vt. at 20, 421 A.2d at 1285; see also Black's Law Dictionary 1293 (8th ed. 2004) (defining "realty" as "[l]and and anything growing on, attached to, or erected on it, that cannot be removed without injury to the land," also referred to as "real property"); *id.* at 1180, 1254 (explaining that "personalty" means "[p]ersonal property as distinguished from real property," and further defining term "personal property" to mean "[a]ny movable or intangible thing that is subject to ownership and not classified as real property"). Nothing in the statute suggests that places like planes, trains and automobiles are to be excluded from criminal-trespass protection. As in *Foster*, common sense and the plain language of the statute compel the conclusion that the inside of a car is a "place" for purposes of § 3705. We thus deny defendant's challenge to his conviction.

¶ 21. Defendant next argues that the court abused its discretion in ordering him to complete DAEP. He maintains that this condition of probation was not reasonably related to the under-

lying conviction because he was not convicted of a crime of violence.

¶ 22. ▮▮ The trial court reached a contrary conclusion, and it acted within its discretion in doing so. As defendant acknowledges, the court is empowered to impose those conditions of probation that it "deems reasonably necessary to ensure that the offender will lead a law-abiding life or to assist the offender to do so." 28 V.S.A. § 252(a); see also *State v. Rivers*, 2005 VT 65, ¶ 9, 178 Vt. 180, 878 A.2d 1070 (reiterating that "a probation restriction must be reasonably related to protecting the public from a recurrence of the crime that resulted in the imposition of probation, and must serve the statutory purpose of assisting the probationer to lead a law-abiding life"). The court found that the crime here had been motivated by power and control issues, and that defendant needed to address these issues to prevent similar incidents from recurring. The court provided reasonable grounds for its decision, and it acted consistently with the law. While defendant disagrees with the court's conclusion, he fails to show an abuse of discretion. See, e.g., *State v. Savo*, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982) (Supreme Court will not set aside a discretionary ruling if there is a reasonable basis for the lower court's action).

¶ 23. We turn next to defendant's VOP appeal. Defendant first challenges the court's denial of his motion to modify the conditions of probation. Defendant maintains that by ordering him to participate in DAEP, the court was requiring him to acknowledge not only the behavior for which he was convicted, but also behavior that may have been included in the affidavit of probable cause, but that was not necessarily found by a jury beyond a reasonable doubt. Somewhat more specifically, defendant asserts that to be enrolled in DAEP, he would have to admit "power and control" type behaviors, allegations that were not supported by his conviction.

¶ 24. ▮ To the extent that he challenges the imposition of the DAEP condition in the first instance, we have rejected that argument above. We note, moreover, that defendant's argument on appeal is not the same as raised below. Defendant argued to the trial court that he should not have to participate in DAEP because he did not agree to plead guilty to unlawful trespass. The trial court rejected this argument and acted within its discretion in doing so. The trial court is authorized to suspend a sentence on

conditions of probation notwithstanding a defendant's protestations of innocence in the face of a guilty verdict and without a defendant's agreement.

¶ 25. ▮ That defendant maintains he is innocent neither absolves him from probation nor makes it "impossible" for him to comply. He may choose not to comply and take the consequences of the violation. An unpleasant choice is not synonymous with no choice and, in any event, probation was imposed as a condition to the suspension of the jail term otherwise deemed fitting by the trial court in response to defendant's conviction for unlawful trespass. Moreover, defendant failed to seek a stay from this Court pending appeal.

¶ 26. ▮ Finally, we consider defendant's assertion that the trial court erred in finding the probation violation. According to defendant, he was never specifically asked to admit the conduct for which he was convicted, so refusing to admit could not be the basis for his exclusion from DAEP. Determining a probation violation presents "a mixed question of fact and law." *State v. Austin*, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996). "The trial court must first make a factual determination of what actions the probationer took, and then make an implicit legal conclusion that certain acts constitute a violation of the probationary terms." *Id.* (quotation omitted). On review, we will uphold the court's factual findings if they are fairly and reasonably supported by any credible evidence; we will uphold the trial court's legal conclusions if they are reasonably supported by its findings. *Id.* Here, the trial court found it undisputed that defendant did not admit to the offense for which he was found guilty and so failed to qualify for entry into DAEP. The court's decision is supported by the evidence.

¶ 27. At the merits hearing, the DAEP coordinator testified that to be accepted into DAEP, individuals must, at minimum, be accountable for their criminal convictions. The coordinator stated that when she met with defendant, defendant told her that he had done nothing wrong. The coordinator reiterated that, to be accepted into the program, defendant would have to at least admit to the underlying offense. Defendant again stated that he had done nothing wrong. The coordinator then informed defendant that she could not accept him into the program, at which point defendant perked up, and replied, "okay." The probation officer

similarly testified that he had been informed by the DAEP coordinator that defendant was not accepted into the program because defendant believed that he had done nothing wrong and that he was innocent. The probation officer informed defendant that completion of DAEP was a condition of his probation, and that a probation-violation complaint would be filed if defendant failed to satisfy that condition.

¶ 28. Having insisted on his total innocence, there was no need to more specifically review with defendant the particulars of the State's information against him. Defendant's position was quite clear: he was guilty of "nothing wrong." Assuming for argument, as defendant contends here, if not below, that the coordinator did not differentiate between the broader affidavit of probable cause and the more specific charge addressed by the jury, defendant admitted to none of it and the coordinator, the probation officer and, in turn, the trial court were correct in their assessment that defendant refused to admit to his underlying unlawful trespass. As the DAEP coordinator explained in court, if a person refused to admit his or her criminal conduct, DAEP could not help that person and, as essentially explained by the court, once the jury pronounces guilt on the facts charged, it is not unreasonable for the court to require acknowledgment of those facts by the defendant as a condition of probation. The evidence amply supports the court's conclusion that defendant violated probation by failing to complete DAEP as ordered.

*Affirmed.*