*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-467

DECEMBER TERM, 2014

| | | |
|---|---|---|
| John C. Stokes | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| State of Vermont | } | DOCKET NO. 221-9-12 Ancv |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from a judgment of the superior court, civil division granting the State of Vermont's motion to dismiss his complaint alleging a violation of plaintiff's civil rights under 42 U.S.C. § 1983. We affirm.

This is the third appeal to reach the Court in connection with this matter. In State v. Stokes, 2013 VT 63, 194 Vt. 351, we addressed plaintiff's consolidated appeals from a judgment of conviction for unlawful trespass and a violation-of-probation (VOP) finding. We affirmed the judgment of conviction, rejecting plaintiff's claim that the unlawful-trespass statute did not apply to a car. Id. ¶¶ 16-20. We also affirmed the VOP finding, rejecting plaintiff's claims that the trial court was not authorized to require his completion of the Domestic Abuse Education Program (DAEP) as a condition of probation, and that the evidence was insufficient to support the VOP finding. Id. ¶¶ 21-28.

This appeal involves a pro se civil lawsuit filed by plaintiff while the unlawful-trespass conviction was on appeal and the VOP proceeding was pending. The complaint names the State of Vermont as defendant, and alleges a violation of "federal civil rights law Title 42 U.S. Code § 1983." Although not artfully drafted, the complaint clearly asks for an injunction "ordering another judge to do something" and also ordering the judges and prosecutors in Addison County against "having anything further to do with plaintiff[']s court cases." From the context it is apparent that plaintiff is referring to his unlawful trespass conviction and the pending VOP proceeding. The complaint also more specifically seeks relief from "unfair punishment," from the "[e]motional and physical abuse" suffered by plaintiff and his son "that courts have allowed," and from "allowing this to happen again." In a separate "Statement of Verification," plaintiff also complains of the probation requirement that he participate in the DAEP, challenges the sufficiency of the evidence in support of the unlawful-trespass conviction, and charges the State with ignoring the "truth and facts" of the matter and with favoring his ex-girlfriend who was involved in the unlawful-trespass incident.

The State moved to dismiss the complaint for failure to state a claim, asserting that the only legal basis alleged, 42 U.S.C. § 1983, does not authorize actions against the State, the only named defendant in the suit. Following further briefing, the court issued a written decision,

granting the motion. The court relied on the seminal U.S. Supreme Court decision in <u>Will v. Mich. Dep't of State Police</u>, which held "that a State is not a person within the meaning of § 1983," and therefore not subject to suit under its terms. 491 U.S. 58, 64 (1989); see also <u>Heleba v. Allbee</u>, 160 Vt. 283, 286 (1993) (relying on <u>Will</u> in observing that, "if a state is not a 'person' as that term is used in § 1983, it cannot be subjected to suit"). Dismissal was thus appropriate, the court concluded, because "42 U.S.C. § 1983—[plaintiff]'s only asserted legal authority— does not apply to the only named defendant in this case, the State of Vermont."

In his pro se appeal, plaintiff does not address or challenge the court's ruling that his § 1983 civil-rights action will not lie against the State. Therefore, we would normally consider the issue to be waived, and affirm the judgment of dismissal on that basis. See <u>State v. Gibney</u>, 2005 VT 3, ¶ 5, 177 Vt. 633 (mem.) (explaining that arguments not raised on appeal are deemed waived). Because plaintiff is pro se, however, we would note further that, on the merits, the trial court's reasoning appears to be sound as far as it goes. As we noted in <u>Heleba</u>, however, the high court also held in <u>Will</u> that a state official acting in his or her official capacity, "when sued for injunctive relief, would be a person under § 1983." 160 Vt. at 286 (quoting <u>Will</u>, 491 U.S. at 71 n.10).

As plaintiff's complaint here seeks mainly injunctive relief, it is arguably not subject to dismissal unless otherwise moot. To the extent that plaintiff's claims for injunctive relief may be parsed, they generally appear to be addressed to the judgments that were affirmed by this Court on appeal, and are final. Plaintiff cannot rely in this new case on the arguments that he made, or could have made, in the unlawful-trespass and VOP cases, so no effective relief can be afforded to plaintiff. Therefore, the claims are moot, and were properly dismissed. See <u>In re Moriarty</u>, 156 Vt. 160, 163 (1991) (noting that a case is moot if a court "can no longer grant effective relief" (quotation omitted)). To the extent that plaintiff seeks prospective relief, in the form of an injunction prohibiting law enforcement officials from "harassing" him further, the claims are entirely speculative. Thus, they present no actual case or controversy, and were properly dismissed on this basis, as well. See <u>In re Young's Tuttle St. ROW</u>, 2007 VT 118, ¶ 4, 182 Vt 631 (mem.) ("Where future harm is at issue, the existence of an actual controversy turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about . . . some generalized grievance."). Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2