*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-331

FEBRUARY TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| James V. King | } DOCKET NO. 1504-4-12 Cncr |

Trial Judge: Michael S. Kupersmith &
Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals an order concluding that he violated two conditions of his probation. Defendant argues that there was insufficient evidence to demonstrate that he failed to have a drug and alcohol screening and that he possessed a regulated drug. We affirm.

Defendant pleaded guilty to first-degree aggravated domestic assault. In September 2013, he was sentenced to two-to-five years, all suspended. He was placed on probation with standard conditions and several special conditions, including that he must not "buy, have or use any regulated drugs unless they are prescribed by a doctor" and that he "must have alcohol and/or drug screening." On October 25, 2013, defendant's probation officer filed a complaint alleging that he had violated several conditions, including those requiring him to have a drug screening and prohibiting him from possessing regulated drugs.

A contested hearing was held on the violation of probation. Defendant's probation officer testified that when she began supervising defendant in late September 2013, she reviewed defendant's probation conditions with him, including the condition requiring a drug screening. After defendant expressed his desire to have the screening done at the Howard Center, defendant's probation officer testified that on three occasions she gave defendant a referral to the Howard Center and instructed defendant to make a screening appointment "as soon as possible." On the last of these occasions, October 23, 2013, she instructed defendant that if he did not schedule an appointment by November 6, 2013, she would file a violation. She testified that defendant did not make the appointment or complete the assessment. A Howard Center employee testified that defendant went to the Howard Center on one occasion during a drop-in period, but he left before he saw anyone because he felt ill. She also stated that there was no scheduled appointment for defendant at the Howard Center. A Vermont state trooper testified that on October 24, 2013 he executed a search warrant for defendant's mother's home where defendant was residing. During the search, the officer observed defendant exiting a trailer. A search of that trailer uncovered a bag that field-tested positive for marijuana in the main sitting area of the trailer, and syringes and spoons that indicated heroin use. Defendant's mother testified that in October 2013 her son was living at her property, and sleeping in the main house.

She testified that as of October 24, 2013, another individual had been living in the trailer on her property.

Based on the evidence, the court found that defendant had violated his probation on both counts. As to the first count, the court found that the condition required an assessment, and defendant failed to complete it even after being directed to do so by his probation officer. The court explained that defendant had adequate time to schedule an assessment prior to his arrest. The court further found that defendant had at least constructive possession of the marijuana found in the trailer, and therefore violated the condition prohibiting possession of a regulated drug. Defendant appeals.

The State has the burden of proving by a preponderance of the evidence that a defendant violated his probation. State v. Decoteau, 2007 VT 94, ¶ 8, 182 Vt. 433. "Whether a violation occurred is mixed question of law and fact." Id. First, the court must determine the facts, and second, make a legal conclusion regarding whether those facts amount to a violation. Id.

Defendant argues that there was insufficient evidence to conclude that defendant violated his probation by failing to complete an alcohol and drug screening because the condition did not contain a time requirement. It is the State's burden to show that defendant had fair notice of the condition he allegedly violated. State v. Bostwick, 2014 VT 97, ¶ 8. The condition may be "express" or "so clearly implied that a probationer, in fairness, can be said to have notice of it." State v. Austin, 165 Vt. 389, 398 (1996) (quotation and emphases omitted); see State v. Gleason, 154 Vt. 205, 216 (1990) (explaining that due process requires notice of what acts constitute a violation and instructions from probation officer can serve to provide notice).

The condition at issue here states:

> You must have alcohol and/or drug screening. If the screening shows that counseling and/or treatment is needed, you must attend and participate in whatever counseling and/or treatment your probation officer tells you to do. You must complete counseling and/or treatment to your probation officer's satisfaction.

Defendant asserts that the probation condition did not contain a time requirement, and therefore he was not on notice that he would be violated for failing to complete the assessment by a certain date. We conclude that the language of the condition and concurrent instructions of defendant's probation officer adequately put defendant on notice. See State v. Sanville, 2011 VT 34, ¶ 10, 189 Vt. 626 (explaining that a probation condition is unconstitutionally vague if a person of "common intelligence" must guess at its meaning) (mem.); State v. Peck, 149 Vt. 617, 619-20 (1988) (stating that fair notice of what acts may constitute a violation can be provided through instructions given by probation officer). Here, although the condition does not contain a specific time requirement for completing the screening, the language and context is sufficient to put a reasonable person of common intelligence on notice that the screening must be completed at the beginning of defendant's probation given that the purpose of the assessment was to identify needed treatment or counseling. See State v. Stokes, 2013 VT 63, ¶ 28, 194 Vt. 351 (holding that it was reasonable for the court to find that defendant, who did not complete counseling because he refused to admit conduct, violated probation by failing to complete counseling program even though probation condition did not specifically require defendant to admit underlying conduct); see also Lawson v. State, 969 So. 2d 222, 235 (Fla. 2007) (explaining that "a probation order that requires completion of a drug treatment program but fails to specify time parameters should be read in a commonsense manner"). Further, defendant received notice

through his probation officer, who specifically informed defendant that he needed to complete the assessment "as soon as possible" or face sanction.

Defendant argues that this notice was insufficient, relying on State v. Blaise, 2012 VT 2, 191 Vt. 564, in which this Court held that the trial court erred in violating the defendant's probation for failure to comply with a payment schedule for restitution where no payment schedule had been adopted and for failing to complete community service hours where no date for completion was specified. Id. ¶¶ 23, 25. Unlike Blaise, in which there was no evidence that the probation officer required the defendant to make payments on a particular schedule or to complete his community service by a particular time, here the probation officer testified that she told defendant on three occasions that he must complete the assessment "as soon as possible." In addition, unlike Blaise, the assessment language here put defendant on notice that it must be completed early in the probation period because it was a precondition to required counseling and treatment.

Defendant also asserts that any failure to comply was not willful. Where the State meets its initial burden of establishing a violation, the burden shifts to the defendant to show that the violation was not willful. Decoteau, 2007 VT 94, ¶ 8. On appeal, defendant claims that his probation officer instructed him on October 23, 2013 that he had to complete the assessment by November 6, 2013 or face sanction, but his noncompliance by that date was due to factors beyond his control because he was arrested on October 24, 2013. Defendant did not make this argument at the probation-violation hearing or present any evidence on the issue. Consequently, the trial court did not make specific findings on the willfulness of defendant's conduct. We conclude that defendant failed to meet his burden of demonstrating his lack of compliance was not willful. The facts show simply that defendant's probation officer specifically informed defendant on three occasions that he had to complete the assessment or face sanction. That the officer gave defendant a reprieve until November 6 does not indicate that defendant was not already out of compliance before that date for failing to have the assessment.

Next, defendant argues that there was insufficient evidence to demonstrate that defendant possessed a regulated drug. Defendant claims that the State failed to show that defendant possessed the marijuana, the substance actually was marijuana, and the marijuana qualified as a "regulated drug." The State has the burden of proving a violation, and when a violation is found, the trial court's findings will be affirmed if reasonably supported by credible evidence. Decoteau, 2007 VT 94, ¶ 8. As to defendant's first point, the evidence was sufficient in this case to support the court's finding that defendant had at least constructive possession of the marijuana. Constructive possession arises when an individual has physical possession or control of an item. State v. Benneig, 146 Vt. 391, 394 (1985) (concluding evidence sufficient to show defendant constructively possessed marijuana where he had dominion and control over marijuana). Here, the trooper testified that he saw defendant leave the trailer in which the trooper found marijuana in the main living area, and defendant's mother testified that defendant was living on the property. This evidence was sufficient for the court to find by a preponderance of the evidence that defendant had at least constructive possession of the marijuana. Although there was evidence that other individuals had access to the trailer, it was up to the court to assess the credibility of that evidence and weigh its persuasive effect. See State v. Merchant, 173 Vt. 249, 257 (2001) ("[T]he trier of fact is given the sole determination of the weight of the evidence, the credibility of witnesses, and the persuasive effect of the testimony." (quotation omitted)).

There was also sufficient evidence to show that the substance found during the search was marijuana. On appeal, defendant claims that the trooper's testimony that the substance field-

tested positive as marijuana was not sufficiently reliable to establish the identity of the substance. Because defendant failed to object to admission of the testimony at trial, he waived this argument on appeal. Decoteau, 2007 VT 94, ¶ 10 (explaining that party opposing introduction of evidence must object at time it is offered).

Finally, there is no merit to defendant's argument that because the Legislature decriminalized possession of small amounts of marijuana, the State did not meet its burden of showing that the substance was a regulated drug. Defendant relies on 18 V.S.A. § 4230a, which provides a civil sanction for possession of marijuana under one ounce by a person 21 years of age or older. Defendant claims here that the State was required to prove that the marijuana recovered exceeded one ounce to show that defendant possessed a regulated drug. There was no requirement that the State prove defendant possessed more than an ounce of marijuana to show that defendant violated the condition that he "must not buy, have or use regulated drugs unless they are prescribed by a doctor." The penalty that results for possession of differing amounts of marijuana is separate from the question of whether marijuana is a regulated drug. The State was not required to prove that defendant's possession was criminal, merely that the substance he possessed was a regulated drug. Vermont law clearly identifies marijuana as a regulated drug. 18 V.S.A. § 4201(29)(E) (listing marijuana as a "regulated drug"). Therefore, there was no error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice